# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

CASE NO.:

DIOANNYS SANCHEZ,

     Plaintiff,

v.

BLABLA RANCH
ENTERPRISES LLC,
a Florida Limited Liability
Company,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
## DECLARATORY RELIEF REQUESTED
## INJUNCTIVE RELIEF REQUESTED

Plaintiff, DIOANNYS SANCHEZ ("Ms. Sanchez" or "Plaintiff"), by and through her undersigned counsel, files this Complaint against Defendant, BLABLA RANCH ENTERPRISES LLC ("BBRE" or "Defendant"), a Florida limited liability company, and in support thereof states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter called the "FLSA"), and under Florida's Private Whistleblower Act ("FWA") at Fla. Stat. § 448.102 to recover from Defendant actual and compensatory damages,

including front pay and back pay, emotional distress damages, liquidated damages, declaratory and injunctive relief, and reasonable attorneys' fees and costs.

2.    Venue is proper in this Court, as the illegal conduct complained of and the resultant injury occurred in Polk County, Florida.

## PARTIES AND FLSA COVERAGE

3.    At all times material hereto, Plaintiff was a resident of Orange County, Florida.

4.    At all times material hereto, Defendant was, and continues to be, a Florida limited liability company located in Haines City, Polk County, Florida, and continues to be engaged in business in Polk County, Florida.

5.    At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, but not for purposes of the Motor Carrier Act.

6.    At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

7.    At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA and the FWA.

8.    At all times material hereto, Defendant was Plaintiff's "employer"

2

within the meaning of the FLSA and the FWA.

9. At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce," within the meaning of the FLSA.

10. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

11. Based upon information and belief, the annual gross revenue of Defendant, during all times relevant, was in excess of $500,000.00 per annum during the relevant time periods.

12. At all times relevant hereto, Defendant was primarily engaged in the provision of food and drink to patrons in Polk County, Florida.

13. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

14. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

15. At all times material hereto, Defendant employed ten (10) or more persons.

## STATEMENT OF FACTS

3

16. Plaintiff worked for BBRE as a Cook from December 28, 2024, until her termination on March 8, 2025.

17. Throughout Ms. Sanchez's employment with BBRE, BBRE was irregular and unreliable in terms of meeting payroll, which caused a great deal of problems for Ms. Sanchez and her co-workers.

18. Some weeks, Ms. Sanchez would be paid, but in other weeks she would not.

19. Worse, Ms. Sanchez was repeatedly subjected to sexual harassment by friends and family of BBRE's Owner.

20. These individuals made aggressive, crude, and intimidating sexual remarks and advances toward Ms. Sanchez.

21. Ms. Sanchez was also often made to work excessive hours, sometimes without being paid anything at all for the overtime that she had worked.

22. In late February of 2025, Ms. Sanchez objected to her BBRE Supervisor that BBRE's actions and statements violated, *inter alia,* Title VII, the Florida Civil Rights Act ("FCRA"), the Florida Minimum Wage Law, and the FLSA.

23. Ms. Sanchez's objections constituted protected activity under the FWA and the FLSA.

4

24. Ms. Sanchez's objections were to actual violations of, *inter alia*, Title VII, the FCRA, the Florida Minimum Wage Law, and the FLSA.

25. Alternatively, Ms. Sanchez's objections were to what Ms. Sanchez reasonably believed to be actual violations of, *inter alia*, Title VII, the FCRA, the Florida Minimum Wage Law, and the FLSA.

26. Ms. Sanchez also reported the sexual harassment to which BBRE had subjected her to the Polk County Sheriff's Office.

27. In response to Ms. Sanchez's objections, BBRE failed to conduct any sort of proper investigation into the very serious violations of law pinpointed by Ms. Sanchez, or ameliorate the conditions and noncompliance in any meaningful way.

28. Very shortly thereafter, on March 8, 2025, BBRE informed Ms. Sanchez that it had decided to terminate her employment, effective immediately.

29. The actions described hereinabove are characteristic of a company that made an immediate and retaliatory termination decision, rather than that of a company with a well-thought-out and long-considered plan of termination.

30. Defendant terminated Plaintiff's employment because Plaintiff objected to Defendant's non-payment of wages, non-payment and/or underpayment of an overtime premium under the FLSA, and because of her other

objections to Defendant's various illegal actions and practices.

31.    There is an extremely close temporal proximity/nexus between Plaintiff asserting her objections to Defendant's illegal pay practices, and to Defendant's other violations of law, and her termination shortly thereafter.

32.    Plaintiff's objections to Defendant's violations of law were the cause of Defendant's termination of Plaintiff.

33.    Plaintiff has been damaged as a result of Defendant's retaliation and termination of her employment.

34.    Any reason provide by Defendant for its adverse employment action(s) against Plaintiff is a pretext and a cover-up for illegal retaliation.

35.    The person or persons to whom Ms. Sanchez voiced her objections to BBRE's violations of law were decision-makers in terms of retaliating against Plaintiff by terminating her.

36.    As a result of Defendant's unlawful and retaliatory termination of her employment, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

37.    Defendant's workers should have been paid timely and reliably, as required by the FLSA and the Florida Minimum Wage Law, throughout their employment.

38.   Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether BBRE employees' actual job duties and pay structure rendered them exempt from recovering payment for all overtime worked under the FLSA, or whether Defendant's sporadic and inconsistent pay practices comported with the FLSA.

39.   Prior to violating the FLSA, Defendant did not consult with the DOL to evaluate whether BBRE employees' actual job duties and pay structure rendered them exempt from recovering payment for all overtime worked under the FLSA, or whether Defendant's sporadic and inconsistent pay practices comported with the FLSA.

40.   Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether BBRE employees' actual job duties and pay structure rendered them exempt from recovering payment for all overtime worked under the FLSA, or whether Defendant's sporadic and inconsistent pay practices comported with the FLSA.

41.   Based on the allegations in Paragraphs 38 through 40, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

42.   As to her FWA Claims, Plaintiff's objections and/or refusals were

considered protected activity pursuant to Fla. Stat. § 448.102(3), and qualified Ms. Sanchez as a whistleblower under the law.

43.     In *Aery v. Wallace Lincoln–Mercury, LLC*, 118 So.3d 904, 916 (Fla. 4th DCA 2013), the Court made clear that it is unlawful to adversely affect an employee for engaging in the "protected conduct" of objecting to, or refusing to partake in, unlawful activity, or what the employee reasonably believes to be illegal conduct. *See id.* at 916 (To establish a violation of the FWA, an employee must establish that: (1) (s)he objected to or refused to participate in an illegal activity, policy, or practice or what (s)he reasonably believed to be an illegal activity, policy, or practice; (2) (s)he suffered an adverse employment action; and (3) the adverse employment action was causally linked to her/his objection or refusal).

44.     Plaintiff was terminated in direct retaliation for reporting and objecting to Defendants' unlawful actions, or what she reasonably believed to be unlawful actions, in violation of Section 448.102(3), Florida Statutes. *See Aery,* 118 So. 3d at 916.

45.     Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## UNLAWFUL RETALIATION IN VIOLATION OF 29 U.S.C. § 215(a)(3)

46.     Plaintiff reincorporates and re-alleges Paragraphs 1 through 14, 16 through 18, 21 through 25, 27 through 41, and 45 of the Complaint, above, as though set forth fully herein, and further alleges as follows:

47.     Plaintiff objected to Defendant's illegal pay practices and asserted violations of the FLSA.

48.     Shortly thereafter, Defendant illegally terminated Plaintiff from her employment in violation of 29 U.S.C. § 215(a)(3).

49.     Plaintiff was terminated for no other reason than her objections to Defendant's illegal pay practices.

50.     As a result of Defendant's intentional, willful, and unlawful actions, Plaintiff has suffered damages, including but not limited to lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

51.     The retaliatory firing provision of the FLSA states that "it shall be unlawful for any person … to discharge or in any other manner discriminate against an employee because such employee has filed any complaint … under or related to this [Act]."  29 U.S.C. § 215(a)(3).

52.     In *EEOC v. White and Son Enterprises*, 881 F.2d 1006, 1011 (11th

9

Cir. 1989), the Court held that "Congress sought to secure compliance with the substantive provisions of the labor statute by having 'employees seeking to vindicate rights claimed to have been denied,' and lodge complaints or supply information to officials regarding allegedly substandard employment practices and conditions. The anti-retaliation provision of the FLSA was designed to prevent fear of economic retaliation by an employer against an employee who chose to voice such a grievance." (citing to *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292 (1960)).

**WHEREFORE**, Plaintiff requests that this Court enter a judgment in her favor and against Defendant for her actual and compensatory damages, including front pay and back pay and emotional distress damages, for liquidated damages, as well as for her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

<u>COUNT II</u>
<u>FLORIDA'S PRIVATE WHISTLEBLOWER ACT – UNLAWFUL RETALIATION</u>

53.     Plaintiff reincorporates and re-alleges Paragraphs 1 through 4, 7 through 8, 12, 15 through 37, and 42 through 45 of the Complaint, above, as though set forth fully herein, and further alleges as follows:

54.     On March 8, 2025, Defendant illegally terminated Plaintiff from her

10

employment in violation of Fla. Stat. § 448.102(3).

55.     Plaintiff was retaliated against and terminated in violation of Section 448.102, Florida Statutes, for objecting to illegal activity, or what she reasonably believed to be illegal activity, being conducted by Defendant.

56.     Plaintiff objected to a violation of a law, rule, or regulation, or what she reasonably believed to be a violation of a law, rule, or regulation, and was fired as a direct result of same, which constitutes a violation of the FWA.

57.     As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

WHEREFORE, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay back pay, and emotional distress damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by

11

jury.

Dated this 29th day of May, 2026.

Respectfully submitted,

*/s/ Nicholas Vimo*
Nicholas Vimo, Esq.
Florida Bar No. 1029436
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: nicholas@floridaovertimelawyer.com

*Counsel for Plaintiff*